UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEFFREY ABEL and BARBARA ABEL                                   PLAINTIFFS

V.                                        CIVIL ACTION NO. 1:06CV993 LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY;
STEVE SONGE; HAAG ENGINEERING COMPANY;
TIMOTHY MARSHALL; MATTHEW J. SITZMANN; and
DAVID TEASDALE, ET AL.                                          DEFENDANTS

### MEMORANDUM OPINION

The Court has before it Plaintiffs Jeffrey and Barbara Abel's (the Abels) motion [13] to remand. For the reasons set out below, this motion will be granted. Because this motion will be granted, the motion [15] to dismiss filed by Defendant Timothy P. Marshall will be denied without prejudice on the grounds that this Court does not have subject matter jurisdiction of this action under 28 U.S.C. §1332; the plaintiffs' supplemental motion [20] to remand will be denied as moot; and the plaintiffs' motion [22] to stay will also be denied as moot.

This is an action for property damage sustained in Hurricane Katrina. Plaintiffs' property situated at 13500 Bayview Drive, Ocean Springs, Mississippi, was insured under a homeowners insurance policy issued by Defendant Nationwide Mutual Fire Insurance Company (Nationwide). Plaintiff purchased this policy through Nationwide's local agent, Defendant Steve Songe (Songe). The complaint alleges that Songe acted both as a sales representative for the Nationwide policy and as part of the group that evaluated and adjusted the Abels' claim after the storm.

The complaint alleges that during Hurricane Katrina the insured property sustained extensive damage from the hurricane winds, a loss covered under the Nationwide homeowners policy. State Farm denied coverage for these losses on the grounds that the damage to the insured property was caused by storm surge flooding, a loss excluded from coverage under the terms of the Nationwide policy at issue. This action ensued. The complaint was filed in the Circuit Court of Jackson County, Mississippi.

Nationwide has removed this action on grounds of diversity of citizenship, alleging that the plaintiffs have fraudulently joined Songe, a Mississippi resident citizen, in order to defeat diversity jurisdiction. This is an issue on which Nationwide has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Allegations of the Complaint

Plaintiffs have alleged that Songe was grossly negligent in his role as an adjustor. The plaintiffs assert that between the time they reported their loss to Nationwide and the time their property was first inspected two months elapsed. Several more months elapsed before a decision was made to deny the plaintiffs' claim under their homeowners policy. Plaintiffs allege that the evaluation of their claim was unreasonably delayed, and the plaintiffs assert that this delay was the product of gross negligence by the individuals who represented Nationwide in the adjustment and evaluation process, including Songe.

Plaintiffs assert that Songe was acting as a local adjustor while the delay complained of was taking place. On March 2, 2006, Plaintiffs wrote a letter to Songe complaining about the delay in resolving his claim under Nationwide's homeowners policy. (Complaint Paragraph 19 and Exhibit 3 to the Complaint) The complaint alleges a number of misdeeds by the other individual defendants, and the complaint makes specific allegations of gross negligence and other misconduct by Songe in his role as a local adjustor. (Complaint Paragraphs 42 through 49)

Standard of Care Applicable to Insurance Agents and Adjurtors

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). A different standard of care applies to insurance adjustors and to insurance sales agents who directly participate in the adjustment of claims. To support a cause of action against the agent in the role of adjustor, the plaintiffs must allege and prove that the agent's conduct is grossly negligent, malicious, or evidences a disregard of the rights of the insured. *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss.1991) (*Bass*).

Plaintiffs' allegations against Songe charge that his individual conduct in the role of local adjustor constitutes gross negligence. (Complaint Paragraphs 42 through 46) Plaintiffs allege that Songe's conduct is sufficiently egregious to constitute the tort of "negligent and/or intentional infliction of emotional distress." (Complaint Paragraphs 47 through 49)  Nationwide denies these allegations.

Nationwide has invited the Court's attention to a case in which allegations of gross negligence made against Songe were found to be insufficient to state a cause of action under the *Bass* standard.  In *Reed v. Nationwide Mutual Fire Insurance Company*, 3:06cv365-LS (S.D.Miss.2006) (*Reed*), Judge Lee found that none of the plaintiffs' allegations against Songe "even arguably qualifies as gross negligence, malicious or reckless disregard for plaintiffs' rights." (*Reed* Opinion [22] at page 6) Judge Lee reached his conclusion on very different facts from the ones before me.  In Reed, the claim at issue was for a fire loss, and the claim was denied on the grounds that the fire was incendiary.  Songe's role was limited to the decision-making process on the merits of the Reeds' fire insurance claim.  Judge Lee determined that the allegations made against Songe by the Reeds would support, at most, a finding of simple negligence.

I believe the plaintiffs in the instant case have made more substantial allegations against Songe concerning the long delay in reaching a decision on the merits of their claim for storm damage.  While the allegations in the Complaint do not, in my opinion, indicate malice on the part of Songe, they are sufficient to support an inference of gross negligence.  In the context of determining whether a non-diverse defendant has been misjoined or fraudulently joined, these allegations must be accepted as true, and the plaintiffs must be granted all reasonable inferences that may be drawn from their allegations.

Of course, the truth of these allegations; the circumstances in which the events in question transpired; the question of whether the delays alleged were reasonable and necessary for the proper evaluation and adjustment of the plaintiffs' claim, and the reasons for Songe's actions are all questions for the finder of fact to decide after consideration of the evidence supporting the plaintiffs' claim and consideration of the evidence offered by the defense.  At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Without venturing any opinion on the merits of the plaintiffs' claim against Songe, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder or a misjoinder has occurred, Nationwide has failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Songe under the plaintiffs' version of events.

      Accordingly, I will grant the motion to remand. An appropriate order will be entered.

      **DECIDED** this 21st day of May, 2007.

                                              s/ <u>L. T. Senter, Jr.</u>
                                              L. T. SENTER, JR.
                                              SENIOR JUDGE